**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARCEL D. THOMPSON,

Applicant,

v.

ISIDRO BACA, Warden; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA,

Respondents.

No. 18-71374

MEMORANDUM[*]

Application for Leave to File a Second
or Successive Habeas Corpus Petition

Argued and Submitted January 14, 2021
San Francisco, California

Before: SCHROEDER, BYBEE, and R. NELSON, Circuit Judges.

Nevada state prisoner Marcel Thompson was convicted in 1994 of four

counts of sexual assault against a child under the age of fourteen and sentenced to

four consecutive life sentences. He now applies for leave to file a second or

successive (SOS) habeas petition pursuant to 28 U.S.C. § 2254. Thompson claims

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

that he received the consecutive sentences on the basis of a pre-sentence investigation (PSI) report that included the felony record of an individual other than Thompson; he contends that he is therefore innocent of the felony convictions that he claims formed the basis for the trial court's imposition of consecutive, rather than concurrent, sentences.

Under Nevada law, the trial court had unfettered discretion with respect to whether to impose concurrent or consecutive sentences. Nev. Rev. Stat. Ann. § 176.035. We deny the application because, even assuming Thompson can establish that the actual basis for the trial court's decision in his case was flawed, and that no reasonable factfinder would have imposed a similar sentence had the PSI report been accurate, Thompson has not acted with due diligence as required under the federal law.

At the time of sentencing in 1994, Thompson questioned the accuracy of the PSI report on the ground that it included felony convictions and that he had none. The judge ordered a fingerprint analysis that appears to have linked Thompson to misdemeanors listed on the PSI report. Thompson filed state habeas petitions in 1996, 1999, and 2004, asserting various claims. He filed a federal habeas petition in 2006 that claimed, inter alia, that the sentencing court relied on

"suspect evidence of prior convictions." The district court denied the petition for lack of any factual support "beyond petitioner's mere allegation . . . ."

Thompson did not obtain an FBI Identity History Summary until 2016. The FBI Report includes information relating both to Thompson and to a second individual, listing prior felony convictions that could belong to the other individual and not to Thompson.

We need not determine whether the record is sufficient to establish that, if the FBI Report had been accurate, Thompson would not have received the consecutive sentences. We also need not decide whether such a showing would amount to the actual innocence necessary to support leave to file an SOS petition pursuant to 28 U.S.C. § 2244(b)(2)(B)(ii). Although Thompson knew the accuracy of the record was questionable at the time of sentencing in 1994, it was not until 2016 that he obtained the documentation from the FBI upon which he now relies. Section 2244(b)(2)(B)(i) requires that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." Thompson has not satisfied that requirement.

**DENIED.**